

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOEL GARCIA GARCIA,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary of the Department of Homeland Security, TODD BLANCHE, Acting Attorney General, TODD M. LYONS, Acting Director, Immigration and Customs Enforcement, JESUS ROCHA, Acting Field Office Director, San Diego Field Office, JEREMY CASEY, Warden at Imperial Regional Detention Center,

Respondents.

Case No.: 26-CV-2177 JLS (MSB)

**ORDER GRANTING IN PART AMENDED PETITION FOR A WRIT OF HABEAS CORPUS**

(ECF No. 7)

Presently before the Court is Petitioner Joel Garcia Garcia's Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 7). Also before the Court is Respondents' Return to Petition for Writ of Habeas Corpus ("Ret.," ECF No. 9) and Petitioner's Traverse in Support of Amended Petition for a Writ of Habeas Corpus ("Traverse," ECF No. 10).

Petitioner alleges that he has been detained by the United States Department of Homeland Security's Immigration and Customs Enforcement division at the Imperial

Regional Detention Facility since January 2026. Pet. at 1. Petitioner entered the United States without detection around 2002 and moved to Los Angeles. *Id.* In 2020, Petitioner was "very badly beaten," and thereafter applied for a U visa. *Id.* In January 2026, ICE arrested Petitioner while he was selling tamales on the sidewalk in Los Angeles. *Id.* Petitioner's immigration case remains pending, and a status hearing is schedule for May 14, 2026. *Id.* He has not received a bond hearing. *Id.*

Respondents submit that Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).[1] Ret. at 1; Pet. at 9 ("Here, Petitioner never received the bond hearing required under § 1226(a)."). Therefore, Respondents "acknowledge[] the prior orders from this District directing bond hearings pursuant to 8 U.S.C. § 1226(a) in similar cases" and "do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." *Id.* at 1–2. Petitioner responds that the Court should release Petitioner, or in the alternative, provide a bond hearing with procedural safeguards. Traverse at 1–2.

The Court finds that Petitioner is entitled a bond hearing under § 1226(a).[2] *See Esquival-Ipina v. LaRose*, 812 F. Supp. 3d 1073, 1080–81 (S.D. Cal. 2025) (granting bond hearing in similar facts). Accordingly, the Court **GRANTS IN PART** Petitioner's Amended Petition for a Writ of Habeas Corpus (ECF No. 7), and **ORDERS** Respondents to provide Petitioner with an individualized bond hearing within <u>fourteen (14) days</u>. If no hearing occurs within fourteen days of this Order, Petitioner shall be released from

---

[1] On March 6, 2026, the Ninth Circuit granted an administrative stay of the *Bautista* decision "insofar as the district court's judgment extends beyond the Central District of California." *Maldonado Bautista, et al. v. United States Department of Homeland Security, et al.*, No. 26-1044, ECF No. 5 (9th Cir. March 6, 2026). Therefore, the Court resolves the Petition without reliance on *Maldonado Bautista*.

[2] As the Court finds that a bond hearing is warranted under § 1226(a), the Court declines to address Petitioner's arguments as to the neutrality of immigration judges in general as a basis for release. *See* Pet. at 10–17.

26-CV-2177 JLS (MSB)

Respondents' custody.  The Parties **SHALL FILE** a Joint Status Report by <u>June 2, 2026</u>, informing the Court of the outcome of the hearing.

     **IT IS SO ORDERED.**

Dated:  May 12, 2026

                                       Hon. Janis L. Sammartino
                                       United States District Judge

26-CV-2177 JLS (MSB)